UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

AMERICAN HOME ASSURANCE
COMPANY, a New York corporation,

Plaintiff,

-vs-                                                Case No.  5:10-cv-329-Oc-10PRL

WEAVER AGGREGATE TRANSPORT,
INC., a Florida corporation, BEACON
INDUSTRIAL STAFFING, INC., a Michigan
corporation,

Defendants.
_____/

WEAVER AGGREGATE TRANSPORT, INC.,
a Florida corporation,

Crossclaim Plaintiff,

-vs-

BEACON INDUSTRIAL STAFFING, INC., a
Michigan corporation,

Crossclaim Defendant.
_____/

## O R D E R

On November 10, 2014, the United States Magistrate Judge issued a detailed and

well-reasoned Report and Recommendation (Doc. 298) recommending that Plaintiff

American Home Assurance Company's Motion for Award of Attorney's Fees, Costs, and

Pre-Judgment Interest against Defendant Weaver Aggregate Transport Inc. (Doc. 239) be

granted in substantial part.  Weaver Aggregate Transport Inc. ("Weaver") has filed 50 pages of Objections with another 57 pages of exhibits (Doc. 306), American Home Assurance Company ("American Home") has filed a response in opposition to the Objections (Doc. 319), and with leave of Court, (Doc. 322), Weaver has filed a reply (Doc. 323).  The Court has therefore conducted a *de novo* review of American Home's motion for fees, costs, and interest.  See 28 U.S.C. § 636, M.D. Fla. Local Rule 6.02.

### Factual Background

American Home issued two workers' compensation and employer liability insurance policies to Weaver.  The workers covered by the policies were provided to and performed work for Weaver pursuant to a Client Services Agreement between Weaver and Defendant Beacon Industrial Staffing, Inc. ("Beacon").  On July 22, 2010, American Home filed this action against Weaver and Beacon, contending that they both provided false information to American Home concerning the number of covered employees, the types of work the employees performed, and the geographical location of the employees; and, as a result, American Home claimed that Weaver and Beacon underpaid the premiums on the policies by over $400,000.

American Home asserted claims against Weaver and Beacon seeking recovery on theories of breach of contract, unjust enrichment, open account, account stated, and fraudulent inducement.  At the conclusion of a five-day trial, the jury found in favor of

American Home and against Weaver and Beacon on all but one claim,[1] and that Weaver and Beacon were jointly and severally liable to American Home in the amount of $404,013 (Doc. 232).  Judgment was entered to that effect on February 3, 2014 (Doc. 236).

American Home subsequently moved for $292,945.50 in attorney's fees, $6,663.01 in costs, and $73,893.03 in pre-judgment interest (Doc. 239).  American Home asserted as authority  for this request Florida's offer of judgment statute, Fla. Stat. § 768.79.[2]  In response, Weaver argued that the Florida statute should not apply because none of American Home's claims were based in Florida law, and that the fees requested were excessive.

The Magistrate Judge determined that Fla. Stat. § 768.79 applied to this case, and after conducting a lodestar analysis, see Loranger v. Stierheim, 10 F.3d 776 (11th Cir. 1994), recommended an award of $289,737.50 in attorney's fees.  The Magistrate Judge reached this calculation by reducing the hourly rate charged by Attorney Meeks from $416 to $400, to account for the prevailing market rates in the Ocala Division.  The Magistrate Judge found all other hourly rates to be reasonably consistent with market rates in the Ocala Division.  He also concluded that all of the hours American Home requested were

---

[1]The jury found for Beacon on the unjust enrichment claim (Doc. 232).

[2]As stated in the Report and Recommendation (Doc. 298, p. 2), American Home served its offer of judgment on Weaver on December 23, 2010.  The offer proposed settlement of $250,000 on all claims.  American Home did not withdraw the offer, and Weaver failed to accept it within the statutorily permitted time period.  Because the amount awarded at the conclusion of trial – $404,013 – is greater than American Home's offer plus 25%, American Home contended that Fla. Stat. § 768.79 provided for an award of fees and costs.

reasonable, supported by billing records and affidavits, and were not properly contested by Weaver as required by applicable Eleventh Circuit precedent.  See  ACLU v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999).  See also Scelta v. Delicatessen Support Servs., Inc., 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002) ("Accordingly, a fee opponent's failure to explain exactly which hours he views as unnecessary or duplicative is generally viewed as fatal.").  Lastly, the Magistrate Judge determined that American Home was entitled to almost all of the requested costs, and all of the requested pre-judgment interest.

### Weaver's Objections

Weaver first objects to the Magistrate Judge's finding that Fla. Stat. § 768.79 applies to this case and mandates an award of attorney's fees to American Home.  In particular, Weaver argues that American Home's claims were not governed by Florida law, but rather by New York, Michigan, and/or Illinois law, and therefore Florida's offer of judgment statute does not apply.  The Magistrate Judge rejected this argument for two reasons.  First, the Magistrate Judge found that there was no contractual choice of law provision in any of the insurance contracts mandating the application of any other state's law – rather the choice of law questions arose solely from the common law choice of law jurisprudence applied in diversity jurisdiction cases (*i.e., lex loci contractus).*  Second, the Magistrate Judge noted that "there is no indication that the district judge applied anything other than substantive Florida law" to American Home's claims.  (Doc. 298, p. 5).

The Magistrate Judge's first point rests on an interpretation of the Florida Supreme Court's decision in Southeast Floating Docks, Inc. v. Auto-Owners Ins. Co., 82 So. 3d 73 (Fla. 2012).   In Southeast Floating Docks, the Florida Supreme Court determined that Florida's offer of judgment statute is substantive law for conflict of law purposes, and held that the statue does not apply in instances where parties have contractually agreed to be bound by the substantive laws of another forum.   82 So. 3d at 80-82.   Specifically, the Court held that "Florida's offer of judgment statute, set forth in section 768.79, creates a substantive right to costs and attorney's fees upon the satisfaction of certain conditions. Accordingly, under a conflict of law analysis, when parties have agreed to be bound by the substantive law of another jurisdiction, section 768.79 simply does not apply."   Id. at 82. Applying Southeast Floating Docks to this case, the Magistrate Judge found that because none of American Home's insurance policies contained a choice of law provision, American Home and Weaver did not contractually agree to be bound by the substantive law of another state, and therefore Southeast Floating Docks did not govern this case, and Fla. Stat. § 768.79 could apply.

The Court agrees with the Magistrate Judge.   There are no contractually mandated choice of law provisions in existence in this case, and Southeast Floating Docks clearly is limited to situations where parties contractually agree to be bound by a specific state's law. The Court rejects Weaver's attempts to expand the application of Southeast Floating Docks to include cases where the parties have not contractually agreed to be bound by a choice of law provision.   See Diamond Aircraft Indus., Inc. v. Horowitch, 107 So. 3d 362, 371-72

5

(Fla. 2013) (noting that <u>Southeast Floating Docks</u> only addressed situations were a contract with a choice of law provision required the application of another state's law, and finding that Fla. Stat. § 768.79 governs where the trial court applied Florida law to some claims, and another state's law to a deceptive trade practices claim based on the facts and not a contractual choice of law provision).  Moreover, with one exception,[3] the decisions cited by Weaver are unpersuasive.[4]

Thus, as the Magistrate Judge correctly noted, Florida's offer of judgment statute should apply to this case.  And, despite Weaver's arguments to the contrary, it is clear from the facts and evidence adduced at trial and this Court's jury instructions that Florida law applied at least to American Home's fraudulent inducement and unjust enrichment claims – claims that American Home prevailed on, and in which the jury awarded damages in the amount of $404,013.00 (Doc. 232) – thereby rendering Fla. Stat. § 768.79 applicable.[5] Weaver's Objections to the application of Fla. Stat. § 768.79 will be overruled.

---

[3]<u>Higgins v. West Bend Mut. Ins. Co.</u>, 85 So. 3d 1156 (Fla. Dist. Ct. App. 2012) (holding, without discussion, that Fla. Stat. § 768.79 did not apply where conflict of law rules demanded that the law of Minnesota apply to a bad faith insurance action).

[4]For example, <u>Carlson v. Fedex Ground Package Sys., Inc.</u>, 2014 WL 2726596 (M.D. Fla. Jan. 24, 2014) involved a contract with a choice of law provision.  The other two decisions cited: <u>De Varona v. Discount Auto Parts, LLC</u>, 935 F. Supp. 2d 1335 (S.D. Fla. 2013) and <u>Kearney v. Auto-Owners Ins. Co.</u>, 713 F. Supp. 2d 1369 (M.D. Fla. 2010) both merely repeat the proposition that Fla. Stat. § 768.79 is substantive, and applies to claims arising under Florida law.

[5]Weaver's argument in its reply (Doc. 323, p. 7, n. 1), that American Home should only receive attorney's fees for the specific claims litigated under Florida law is unavailing.  It is clear in this case that the totality of the fees and costs incurred by American Home cannot be distributed amongst and between the various claims.  They were all litigated together, and involved closely intertwined factual issues.

Weaver next objects to the Magistrate Judge's determination of the amount of fees and costs to be awarded American Home. Specifically, Weaver argues that the hourly rates are unreasonably high and do not reflect the prevailing market rates in Ocala, Florida. Weaver also contends that the hours requested are excessive, duplicative, and consist of hours spent prosecuting claims against Beacon. Lastly, Weaver argues that the Magistrate Judge failed to account for the factors set forth in Fla. Stat. § 768.79.

Weaver did not raise any of these arguments in its original response to American Home's motion. Instead, Weaver merely stated that "In this case, the total amount of fees incurred by American Home is excessive compared to the fees incurred by Weaver, who prosecuted two cross-claims and one third party complaint, and defended American Home's aggressive prosecution of this action. Furthermore, American Home seeks to obtain a second judgment in fees that is nearly three-fourths as much of its judgment." (Doc. 251, p. 6).

It is the law of this Circuit that "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009). "[T]o require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." Worley v. City of Lilburn, 408 Fed. Appx. 248, 253 (11th Cir. Jan. 6, 2011) (citations omitted). See also Medi-Weightloss Franchising USA, LLC, 2010 WL 1837764 at ** 2-3 (M.D. Fla. Apr. 29, 2010) (refusing to consider new arguments raised

7

for first time in objections to magistrate judge's report and recommendation).  Based on the procedural posture of this case, the Court is inclined to exercise its discretion and treat Weaver's newly raised arguments as waived.  Weaver had ample time to address the reasonableness of hours and rates requested by American Home, but chose not to do so.  Indeed, Weaver's response was a meager 8 pages, and the Magistrate Judge granted Weaver an extension of time to prepare and file its resposne.  See Docs. 249, 251.  Moreover, the reasons asserted by Weaver as to why it failed to raise these arguments in its response to the motion for attorney's fees (Doc. 323, p. 8) – namely that Weaver chose to focus solely on the applicability of Fla. Stat. § 768.79, and that the response was filed by prior counsel – are unpersuasive.  If anything, they show a tactical decision made by counsel, and do not sufficiently show why this Court should nullify the Magistrate Judge's consideration of the matter.  The question of the reasonableness of American Home's requested fees and costs was squarely before the Magistrate Judge, and Weaver chose not to address the issue.  Weaver is not entitled to a second, and much larger, bite at the apple.

Even if the Court were to consider Weaver's new arguments, they are due to be overruled.  As the Magistrate Judge properly found, the rates requested by Weaver's counsel are reasonable, adequately supported by affidavits, and within the range awarded in the Middle District of Florida, and the Ocala Division.  The Court also agrees that the hours assessed by the Magistrate Judge are reasonable.  This was a lengthy case that spanned over 3.5 years, involved numerous claims, multiple rounds of motions practice,

8

and a five day jury trial.  American Home received the full amount of relief requested, and prevailed on all claims against Weaver.  Moreover, the issues of law and fact for each claim asserted against both Weaver and Beacon were closely intertwined, making any attempt to separate fees between parties nearly impossible.  It also bears repeating that American Home incurred these fees prosecuting a joint fraudulent scheme, and that Weaver and Beacon were found jointly and severally liable on all claims.

The Court also rejects Weaver's claim that the Magistrate Judge's report and recommendation should be overturned because he did not explicitly consider the factors listed in Fla. Stat. § 768.79.[6]  Weaver has not presented any binding or persuasive legal authority for the proposition that the Magistrate Judge had to explicitly consider those factors.  Rather, the two unpublished district court decisions cited, Kowalski v. Jackson Nat. Life Ins. Co., 2014 WL 4101567 (S.D. Fla. Aug. 20, 2014), and Williams Farm Part. v. American Citrus Prods. Corp., 2009 WL 1952784 (M.D. Fla. July 6, 2009), merely state that the courts in those two particular cases will consider the factors listed in § 768.79 as guidance in reaching their decisions.  Contrary to Weaver's argument, neither decision

---

[6]Fla. Stat. § 768.79(7)(b) provides that a court shall consider, along with other relevant criteria, six factors: (1) the then apparent merit or lack of merit in the claim; (2) the number and nature of the offers made by the parties; (3) the closeness of the questions of fact and law at issue; (4) whether the person making the offer had unreasonably refused to furnish information necessary to evaluate the reasonableness of such offer; (5) whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting nonparties; and (6) the amount of the additional delay cost and expense that the person making the offer reasonably would be expected to incur if the litigation should be prolonged.

mandates that a court consider the § 768.79 factors, and even if they did, such a mandate would not be binding on this Court.[7]

Lastly, Weaver objects to the Magistrate Judge's proposed award of costs in the amount of $6,631.01.  Specifically, Weaver seeks to have stricken $2,387.41 in costs related to transcript shipping and handling and the videotaped deposition of Patrick Green. Again, Weaver never raised these arguments in its original response to American Home's motion; therefore the Court will exercise its discretion and consider these arguments waived.  In any event, these costs are permitted pursuant to 28 U.S.C. § 1920 (2) and (4). Weaver's objections to the award of costs will be overruled.[8]

## Conclusion

Accordingly, upon a *de novo* review, it is hereby ORDERED as follows:

(1)   The Magistrate Judge's Report and Recommendation (Doc. 298) is ADOPTED, CONFIRMED, AND MADE A PART HEREOF.

(2)   Plaintiff American Home Assurance Company's Motion for Award of Attorney's Fees, Costs, and Pre-Judgment Interest against Defendant Weaver Aggregate Transport Inc. (Doc. 239) is GRANTED IN PART AND DENIED IN PART.

---

[7]The Court further notes that even if consideration of the § 768.79(7)(b) factors was mandated, they weigh in favor of the fees awarded to American Home.  Each of the claims asserted had merit; the offer American Home made to Weaver was substantial and in good faith; there is no evidence that American Home refused to furnish any information to Weaver; the claims in this case were not overly complex and did not involve questions of far-reaching importance; and Weaver's refusal to accept the offer, first made on December 23, 2010, resulted in an additional 2.5 years of litigation, and nearly a year of post-trial motions practice.

[8]Weaver has not objected to the amount of pre-judgment interest.

(3)     Defendant Weaver Aggregate Transport, Inc.'s Objections (Doc. 306) are OVERRULED.  The Defendant's request for an evidentiary hearing is also DENIED.

(4)     The Clerk is directed to enter judgment in favor of Plaintiff American Home Assurance Company and against Defendant Weaver Aggregate Transport, Inc., in the following amounts: $289,737.50 in attorney's fees, $6,069.26 in costs, and $73,893.93 in prejudgment interest, for a total award of $369,700.69

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 26th day of February, 2015.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Maurya A. McSheehy
             Hon. Philip R. Lammens