UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

AMERICAN HOME ASSURANCE
COMPANY, a New York corporation

    Plaintiff,

v.                                                      Case No: 5:10-cv-329-Oc-10PRL

WEAVER AGGREGATE TRANSPORT,
INC., BEACON INDUSTRIAL
STAFFING, INC., THE FARMERS AND
MECHANICS BANK and BIS GROUP
HOLDINGS, INC.

    Defendants/Third Party Plaintiff

SALVATORE MANZO and SALCOR
PROPERTIES, INC.
    Third Party Defendants

## ORDER

Before the Court is a motion to compel filed by Judgment Creditor Weaver Aggregate Transport Inc. (Weaver) in this proceedings supplementary action, (Doc. 363) to which third-party BIS Group Holdings, Inc./Beacon Tristate Solutions (BIS) has responded (Doc. 365). After taking the motion under advisement (Docs. 366, 369), the motion is now ripe. I submit that the motion is due to be granted to the extent set forth herein.

I. **BACKGROUND**

    A. **The Proceedings Supplementary Background**

This case has a rather protracted underlying history. For purposes of the instant motion, however, it suffices to say that cross-plaintiff Weaver was awarded judgment and attorney's fees

1

against cross-defendant Beacon Industrial Staffing, Inc. (Beacon) for a total of over four-hundred-thousand dollars. (Docs. 237, 329).

After obtaining a writ of execution against Beacon (Doc. 340), which remains unexecuted (Doc. 342), Weaver filed a Motion to Institute Proceedings Supplementary alleging that Beacon was unable to fulfill the outstanding payments as it had fraudulently transferred its assets to BIS, which is allegedly Beacon's alter ego. (Doc. 343). Weaver asserts that BIS was incorporated in 2010 and that Beacon transferred its assets to BIS sometime after that. (Doc. 343 at ¶17).

Also according to Weaver, Beacon and BIS share the same physical address and each have one-thousand shares of stock. (Doc. 343 at ¶19). Weaver further asserts that "BIS" is an acronym for "Beacon Industrial Staffing;" that BIS does business under the name "Beacon" (e.g., BIS's website provides this email address: info@beaconstaff.net); that Beacon's former chief operating officer, Salvonte Manzo, was listed (at the time BIS was incorporated) as the president of BIS; and that BIS has attempted to capitalize upon the goodwill associated with Beacon's name. (Doc. 343 at ¶¶19–20). The Court granted Weaver's motion and impleaded BIS, beginning proceedings supplementary pursuant to Florida Statute § 56.29 and Federal Rule of Civil Procedure 69. (Doc. 348 at 3).

BIS then moved to dismiss the supplementary proceedings. (Doc. 360). BIS argued, in part, that Weaver had failed to meet the requirements of Florida's recently amended statute, Fla. Stat. § 56.29, which governs supplementary proceedings in aid of execution of judgment. (Doc. 360 at 3).

The Court rejected BIS's arguments, found that Weaver had complied (or at least substantially complied) with § 56.29 (or that section's previous version), denied the motion to dismiss, and allowed BIS thirty days to show why the judgments at issue should not be levied

and executed against it. (Doc. 360 at 7–8). BIS then responded to the order to show cause and asked the Court to reconsider the above-mentioned order arguing that Weaver has presented no evidence that BIS has committed any wrongdoing—i.e., BIS asserted that Weaver has not produced evidence that it fraudulently received assets from Beacon or that it is Beacon's alter ego. (Doc. 361 at 2–3). BIS also argued that it has been denied due process here. (Doc. 361 at 3–6).

The Court, again, rejected BIS's effort to dismiss this action. (Doc. 364). In denying the motion for reconsideration, the Court noted that the time for presentation of evidence had not yet come and that, to date, there had been no infringement on BIS's due process rights. Also in that order, the Court designated this proceeding as a "Track Two" case under the Local Rules and directed the parties to meet and confer and then file a Case Management Report. (Doc. 364 at 4).

### B. The Motion to Compel

A few days before the Court designated this case under Track Two, Weaver filed the instant motion. (Doc. 363). In dispute are twelve document requests.

According to Weaver, the discovery sought relates to its claims that Beacon fraudulently transferred its assets to BIS and that BIS is Beacon's alter ego. The disputed requests seek BIS's client, employee, and officer lists; financial and tax documents; asset lists; and other documentation.[1]

---

[1] The twelve document requests are as follows:
1. A list of all clients of BIS organized by year in chronological order from 2005 to present.
2. A list of all officers, directors, and shareholders of BIS organized by year in chronological order from 2005 to present.
3. A list of employees of BIS organized by year in chronological order from 2005 to present.
4. Copy of the minutes from any and all directors' meetings held from January 1, 2005 to present.
5. A ledger of any and all of BIS' bank accounts from 2005 to present.

Attached to the motion was evidence that BIS had declined to produce any documents and, instead, objected to eleven of the twelve requests and responded to one request (Request 7) stating that it held no responsive documents. (Doc. 363-2 at 1–2). The objections to each request are the same: the requests, according to BIS, are "overbroad, unduly burdensome, and not reasonably calculated to lead to admissible evidence," with the exception that one of the requests (Request 8) is also vague. (Doc. 363-2). BIS then responded to the motion, argued that Weaver lacked grounds to propound such discovery as Weaver could not recover its judgment from BIS (who is impleaded as a third party here), and noted several purported reasons why Weaver's motion fails to set forth a sufficient basis for relief. (Doc. 365 at 2–5).

The Court then, given the case's procedural posture, took the motion under advisement. (Doc. 366). Indeed, based on the Track Two designation (and noting that the parties had not yet, at that time, filed their case management report), the Court afforded the parties an opportunity to discuss the disputed discovery during their case management conference and commanded Weaver to notify the Court of what discovery issues, if any, remained. (Doc. 366).

---

6. A list of assets owned by BIS in chronological order from 2005 to present.
7. Any and all documentation related to the transfer or sale of any assets, property, or accounts from BEACON INDUSTRIAL STAFFING, INC., to BIS from 2005 to present.
8. Any and all tax returns filed by BIS from 2005 to present.
9. A copy of any judgment(s) entered against BIS from 2005 to present.
10. A list of any real estate owned by BIS from 2005 to present.
11. Any documentation regarding: a. Beacon Tristate Solutions; b. BIS Group Holdings, Inc.; c. Beacon Enterprises, Inc.; d. Beacon Industrial Staffing, Inc.; and e. Better Integrated Systems, Inc.
12. Any correspondence regarding: a. Beacon Tristate Solutions; b. BIS Group Holdings, Inc.; c. Beacon Enterprises, Inc.; d. Beacon Industrial Staffing, Inc.; and e. Better Integrated Systems, Inc.

(Doc. 363-1).

Weaver has now filed a response to that order. (Doc. 369).[2] Weaver's response, which includes apparent emails between counsel (Docs. 369-1–5), shows that the parties made some headway in narrowing the focus of the discovery dispute before me.

First, Weaver agreed to narrow all of its requests to 2009 onward, which is one year before BIS's incorporation, as opposed to 2005. (*Compare* Doc. 363 at ¶4 *with* Doc. 369 at ¶13). Second, Weaver also agreed to remove subsections "a" and "b" from the eleventh and twelfth requests.[3] (Doc. 369 at ¶13).

And third, but no less importantly, the email correspondence attached to Weaver's response indicates that Requests 3, 10, 11, and 12 are now moot. For Request 3, the email correspondence shows that, according to BIS's counsel, "BIS does not have employees beyond its officers." (Doc. 369-5 at 1). As to Request 10, BIS's counsel states that BIS owns no real property. (Doc. 369-5 at 2). And as to Requests 11 and 12, BIS's counsel states that "BIS does not possess documents or communications related to Beacon Enterprises, Inc., Beacon Industrial Staffing, Inc., or Better Integrated Systems, Inc."[4] (Doc. 369-5 at 2). Thus, the remaining requests at issue—for purposes of the motion before the Court—are Requests 1, 2, 4–6, 8, and 9.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 69(a)(2), "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the

---

[2] Weaver actually filed two responses, which appear to be identical. (Docs. 368, 369). I will refer to the most recent version. (Doc. 369).

[3] Subsections "a" and "b" of Requests 11 and 12 sought, in combination, any documentation and correspondences regarding Beacon Tristate Solutions and BIS Group Holdings, Inc. (Doc. 363 at 3).

[4] Subsections "c," "d," and "e" of Requests 11 and 12 sought, in combination, any documentation and correspondences regarding Beacon Enterprises, Inc.; Beacon Industrial Staffing, Inc.; and Better Integrated Systems, Inc. (Doc. 363 at 3). So, with Weaver withdrawing subsections "a" and "b," and with BIS responding that it has no responsive documents to subsection "c," "d,", and "e," Requests 11 and 12 are no longer at issue at this time.

procedure of the state where the court is located." Here, the parties have briefed the issues under the federal rules.

Motions to compel discovery under Rule 37(a) of the Federal Rules of Civil Procedure are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). Pursuant to Rule 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

"The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Oliver v. City of Orlando*, No. 6:06-cv-1671-Orl-31DAB, 2007 WL 3232227, * 2 (M.D. Fla. Oct. 31, 2007) (citing *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958)). The moving party "'bears the initial burden of proving that the information sought is relevant.'" *Douglas v. Kohl's Dep't Stores, Inc.*, No. 615CV1185ORL22TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quoting *Moore v. Lender Processing Servs. Inc.*, No. 3:12-CV-205-J, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013)). "Relevancy is determined based on the 'tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action.' Fed. R. Evid. 401" *Hankinson v. R.T.G. Furniture Corp.*, No. 15-81139-civ-Cohn/Seltzer, 2016 WL 1182768, at *1

(S.D. Fla. Mar. 28, 2016) (quoting *Garcia v. Padilla*, No. 2:15-cv-735-FtM-29CM, 2016 WL 881143, at *2 (M.D. Fla. Mar. 8, 2016)).

Proportionality requires counsel and the court to consider whether relevant information is discoverable in view of the needs of the case. In making this determination, the court is guided by the non-exclusive list of factors in Rule 26(b)(1). *Graham & Co., LLC v. Liberty Mut. Fire Ins. Co.*, No. 2:14-cv-2148-JHH, 2016 WL 1319697, at *3 (N.D. Ala. April 5, 2016). "Any application of the proportionality factors must start with the actual claims and defenses in the case, and a consideration of how and to what degree the requested discovery bears on those claims and defenses." *Id.* (quoting *Witt v. GC Servs. Ltd. P'ship*, 307 F.R.D. 554, 569 (D. Colo. 2014)).

When objecting to a discovery request, the "[p]arties are not permitted to assert . . . conclusory, boilerplate objections that fail to explain the precise grounds that make the request objectionable." *Martin v. Zale Delaware, Inc.*, No. 8:08-CV-47-T-27EAJ, 2008 WL 5255555, at *1 (M.D. Fla. Dec. 15, 2008). Indeed, an objecting party "must explain its reasoning in a specific and particularized way" and "an objection that a discovery request is irrelevant . . . must include a specific explanation describing why." *Id.* at *1–2. Finally, "[o]bjections based on privilege or work product protection must be made expressly." *Nationwide Mut. Fire Ins. Co. v. Kelt, Inc.*, No. 6:14-CV-749-ORL-41, 2015 WL 1470971, at *4 (M.D. Fla. Mar. 31, 2015) (noting that "[a] party cannot assert a privilege by saying that responsive documents might be privileged").

### III. DISCUSSION

As an initial matter, and as noted above, in its response to Weaver's production requests, BIS offered only identical boilerplate objections; it offered Weaver no explanation as to why any

particular request was deficient. (Doc. 363-2 at 1–2). Such generalized statements are usually deemed meaningless and are rejected. *Martin*, 2008 WL 5255555, at *1.

Now, in its response to the motion to compel, BIS has raised issues of relevancy and proportionality. (Doc. 365 at 2–5). I will address these issues in turn.[5]

**A. Relevancy**

BIS asserts that Weaver's document requests seek irrelevant discovery as Weaver has failed to state any claim for relief. (Doc. 365 at 2–3); *see* Fed. R. Civ. P. 26(b)(1) (stating that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim"). I submit, however, that Weaver asserts a sufficient basis for discovery here. *See McSweeney v. Kahn*, No. 4:05-CV-0132-HLM, 2009 WL 10670187, at *4 (N.D. Ga. Dec. 21, 2009) (noting that the "'judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor.'") (quoting *Caisson Corp. v. County West Building Corp*, 62 F.R.D. 331 (E.D. Pa. 1974)).

Undeniably, the Court granted Weaver's motion to initiate proceedings supplementary (Doc. 348), a motion that asserts two bases for BIS's liability for the underlying judgments against Beacon (that Beacon fraudulent transferred its assets to BIS and that BIS is Beacon's alter ego) (Doc. 343). And the Court also declined BIS's request to reconsider that order. (Doc. 364). Further, in its motion to compel, Weaver addresses the relevancy of its requests in light of its fraudulent transfer and alter ego theories. (Doc. 363 at 6–8).

---

[5] To the extent that BIS states that it does not have responsive documents for numerous requests (Requests 3, 7, 10, 11(c–e), 12(c–e)), see (Docs. 363-2 at 5; 369-5 at 2), and no dispute is presented that this is inaccurate, the motion to compel as to these requests is denied without prejudice. *See Griffith v. Landry's, Inc.*, No: 8:14-cv-3213-T-35JSS, 2015 WL 6468134 at *3 (M.D. Fla. Oct. 9, 2015). The Court notes, however, that a party must produce newly acquired, responsive documents in the event that they become available. *Id.*

1. As to its fraudulent transfer theory, Weaver, at the most general level, "must demonstrate that there was (i) a creditor to be defrauded; (ii) a debtor intending fraud; and (iii) conveyance of property that could have been applicable to payment of the debt due." *In re PSI Indus., Inc.*, 306 B.R. 377, 387 (Bankr. S.D. Fla. 2003); *see also* Fla Stat. § 56.29(3)(a) ("When, within 1 year before the service of process on the judgment debtor in the original proceeding or action, the judgment debtor has had title to . . . any personal property to which . . . any person on confidential terms with the judgment debtor claims title and right of possession, the judgment debtor has the burden of proof to establish that such transfer or gift was not made to delay, hinder, or defraud creditors.").

Weaver asserts that its requests for BIS's tax returns, assets, and bank account ledgers from 2009 onward (Requests 5, 6, 8) seek information that would help Weaver determine if BIS (which was incorporated in 2010) holds the same assets that Beacon once held. (Doc. 363 at 6–7). Assuming that Weaver holds copies of Beacon's assets and bank accounts, a juxtaposition of BIS's assets and accounts would certainly be helpful to Weaver's theory of fraudulent transfer and thus I find that these financial documents are relevant here.

As to the tax returns, they are another matter. Although Weaver does not brief the issue (or even state whether state or federal or local returns are sought), and though BIS is silent on the matter too, I submit that there could be at least one possible way that federal returns may be relevant to Beacon's alleged fraudulent transfer of assets to BIS. Such returns could, possibly, show the disposition of an asset by BIS that was once held by Beacon, which is information that Weaver may not otherwise be able to obtain as such an asset would no longer be listed among BIS's current assets. *See, e.g.*, *In re Parker*, 488 B.R. 794, 797 (Bankr. N.D. Ga. 2013) ("[A] federal tax return is discoverable if it contains information relevant to the issues and the

information in the returns is not otherwise readily obtainable."). Thus, based on the showing before the Court, I submit that Weaver is entitled to discovery into BIS's federal tax returns but only to the extent that such returns involve the disposition of assets.

2. As to Weaver's claim that BIS is an alter ego of Beacon, "Florida courts have adopted a very stringent three-part test, which requires persuasive evidence that: (1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence was in fact nonexistent and the shareholders were in fact alter egos of the corporation; (2) the corporate form must have been used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant." *Old W. Annuity & Life Ins. Co. v. Apollo Grp.*, No. 5:03-CV-354-OC-10GRJ, 2008 WL 2993958, at *7 (M.D. Fla. Aug. 1, 2008), *aff'd,* 605 F.3d 856 (11th Cir. 2010). Weaver claims here that it seeks to demonstrate that "the same individuals that controlled Beacon control BIS" and that "BIS is a mere continuation of Beacon, controlled by the same persons and . . . made up of essentially the same resources" in order to show that BIS was created for the improper purpose of enabling Beacon to avoid Weaver's judgments. (Doc. 363 at 7–8). These claims find support in Weaver's previous motion to institute proceedings supplementary, which asserts that Beacon and BIS share the same address, that they have the same number of shares, that "BIS" is an acronym for "Beacon Industrial Staffing," that BIS seeks to profit from Beacon's goodwill, and that they share a significant officer, Savatore Manzo. (Doc. 343 at ¶¶19–20).

Weaver's request for lists of shareholders, directors, and officers, (Request 2) to establish that the same individuals control both entities (Doc. 363 at 8 & n.1) obviously seeks information relevant to whether BIS is a mere attempt by Beacon's shareholders to avoid Weaver's judgments. Weaver also asserts that a client list, director meeting minutes, an asset list, tax

returns, and a judgment list (Requests 1, 4, 6, 9)—all from, of course, 2009 forward—are all tailored to obtain information relevant to showing that BIS is a mere continuation of Beacon, controlled by the same people and made up of the same assets. (Doc. 363 at 8 n.2). I agree with Weaver.

As to meeting minutes, this Court has compelled the production of business minutes in an alter ego case. *See NetJets Aviation, Inc. v. Peter Sleiman Dev. Grp., LLC*, No. 3:10-CV-483-J-32MCR, 2011 WL 6780879, at *7 (M.D. Fla. Dec. 27, 2011). And if BIS has retained the same clients, assets, and judgments that Beacon used to hold, surely this would tend to show that BIS was created to avoid the judgments against Beacon pending here. Lastly, as to BIS's tax returns, for the reasons and to the very limited extent set forth *supra*, those are relevant too. *Compare Guarantee Ins. Co. v. Brand Mgmt. Serv. Inc.*, No. 12-61670-CIV, 2013 WL 11971273, at *2 (S.D. Fla. Dec. 23, 2013) (finding that the plaintiffs "have a compelling need for the tax returns with respect to [their] alter ego claim") *with Coach, Inc. v. Swap Shop, Inc.*, No. 12-60400-CIV, 2013 WL 4407064, at *3 (S.D. Fla. Aug. 13, 2013) (affirming a magistrate judge's discovery order and finding that the defendants' "tax returns and related documents are arguably relevant to [the plaintiffs'] vicarious copyright infringement and alter ego theories").

### B. Proportionality

BIS raises several arguments asserting that the discovery sought is not proportional. (Doc. 365 at 2–3). I disagree.

To begin with, the scope of discovery at issue has already been reduced. Weaver has narrowed its requests to target the time period beginning one year (2009) before BIS's incorporation until the present, (Doc. 369-1 at 1) and numerous requests (Requests 3, 7, 10, 11, and 12) are no longer at issue.

Although BIS asserts that the discovery sought is not proportional with respect to "importance of the issues at stake in the matter," Weaver has sufficiently explained that the discovery sought will be used for a juxtaposition of Beacon's and BIS's documents to establish the fraudulent transfer and alter ego theories—theories which may be the only way that Weaver will ever recover on its judgments. (*Compare* Docs. 363 at 7–8 *with* 365 at 2). BIS similarly opposes the requests with respect to the importance of the discovery, but Weaver requires such documents to make its case that BIS is liable for the over four-hundred-thousand dollars in judgments that Beacon owes Weaver. (Doc. 365 at 3).

Lastly, BIS also claims that the amount in controversy is unknown (Doc. 365 at 3); yet it is clear that Weaver seeks to recover a judgment and attorney's fees totaling over four-hundred-thousand dollars. (Docs. 341 at 1; 343 at ¶¶15–20). Thus, given the judgment amount sought, Weaver's requests are proportional.

## IV. CONCLUSION

Accordingly, and upon due consideration, the motion to compel is **GRANTED** to the extent stated above. BIS Group Holdings, Inc. should produce the requested documents **on or before July 7, 2017**.[6] Given the unique procedural posture of this motion (that is, that it was filed before this proceeding supplementary was designated under Track Two), along with the fact that several production requests were apparently resolved by the parties after an additional meet and confer, the parties are to bear their own costs associated with this matter at this time. *Grams v. American Medical Instruments Holdings Long Term Disability Plan*, 2009 WL 2926844 *5 (M.D. Fla. Sept. 14, 2009) (declining to award fees to either party when the court denied in part

---

[6] While the Court is cognizant of Weaver's request that any compelled discovery be due prior to a deposition scheduled next week (Doc. 369 at ¶14), BIS will need a reasonable amount of time to respond.

and granted in part a motion to compel). The request for fees is therefore denied without prejudice.

**DONE** and **ORDERED** in Ocala, Florida on June 23, 2017.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties