UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

AMERICAN HOME ASSURANCE
COMPANY, a New York corporation

    Plaintiff,

v.                                                                      Case No: 5:10-cv-329-Oc-32PRL

WEAVER AGGREGATE TRANSPORT,
INC., BEACON INDUSTRIAL
STAFFING, INC., THE FARMERS AND
MECHANICS BANK and BIS GROUP
HOLDINGS, INC.

_____

## ORDER

There are a number of motions pending in this case related to Weaver Aggregate Transport, Inc.'s ("Weaver") efforts to collect judgments it obtained in the underlying case against Beacon Industrial Staffing, Inc. ("Beacon"). The Court held a hearing on January 30, 2018, to discuss all pending matters and to determine the best way to move this case forward.

    **I.**    **Background**

In February 2014, Weaver obtained a final judgment against Beacon for $145,000.00. (Doc. 237). In February 2015, Weaver obtained an additional judgment against Beacon for $231,507.02 in attorney's fees, costs, and pre and post-judgment interest. (Docs. 328, 329). These two judgments, both of which are unsatisfied, are the basis for Weaver's current collection efforts.

In July 2015, Beacon was administratively dissolved (although argument is made that it ceased operations as early as 2008). Weaver subsequently shifted its collection efforts to related third party entities. In November 2015, Weaver filed a motion to institute proceedings

supplementary and to implead BIS Group Holdings, Inc. ("BIS"), claiming that Beacon fraudulently transferred its assets to BIS and that BIS is the mere alter ego of Beacon. (Doc. 343). The Court granted the motion and BIS was implead. (Doc. 348). Now, Weaver seeks to implead another third party, Beacon Tri-State Staffing, Inc., on the same theory that it is the mere alter ego of Beacon and BIS. (Doc. 397). Weaver explains that it will also seek to hold this new party "liable for the unsatisfied judgments it holds against Beacon on the grounds that Beacon Tri-State Staffing, Inc., is a mere pass-through corporation from BIS and is therefore the alter ego of Beacon and/or that Beacon, through BIS, fraudulently transferred Beacon's assets to Beacon Tri-State Staffing." (Doc. 397 at ¶6).

Also pending are discovery motions related to Weaver's largely unsuccessful efforts to obtain discovery from (and about) Beacon. To that end, Weaver has filed a motion for spoliation of evidence, seeking to sanction BIS (as the alter ego of Beacon) for failing to maintain Beacon's records. (Doc. 380). Weaver has also attempted to obtain Beacon's records from attorney Claude M. Harden, III, who represented Beacon in the underlying action. Weaver subpoenaed Attorney Harden's law firm requesting his entire file, and Attorney Harden has asserted privilege as to more than 300 documents. Weaver has moved to compel production of the allegedly privileged documents. (Docs. 396, 405). Attorney Harden has also filed a motion to withdraw from further representation of Beacon in this action because it has been dissolved. (Doc. 377). In addition to these discovery disputes, BIS filed a motion for summary judgment arguing that Weaver has failed to create any genuine issues of material fact as to the alleged fraudulent transfer of assets from Beacon to BIS or on the theory that BIS is an alter ego of Beacon. (Doc. 394).

## II. Discussion

Without a complaint, Weaver's claims of alter ego and fraudulent transfer seem to have blended together. While not intending to change the law of the case, where it was determined no complaint was required under the prior version of Fla. Stat. § 56.29, the posture of the case has somewhat changed.

First, Weaver now wishes to implead another entity. And second, it has become more apparent that under this alter ego theory, Weaver seeks to impute liability for the underlying judgments directly on the impleaded parties, as distinguished from liability merely for the value of transferred assets. *See e.g.,* Doc. 397 at ¶6 (explaining that it seeks to hold Beacon Tri State Staffing, Inc. "liable for the unsatisfied judgments it holds against Beacon on the grounds that Beacon Tri-State Staffing, Inc. is a mere pass-through corporation from BIS and is therefore the alter ego of Beacon and/or that Beacon, through BIS, fraudulently transferred Beacon's assets to Beacon Tri-State Staffing."). The relief Weaver seeks is different than the more discrete relief sought under the Court's ancillary jurisdiction in *National Maritime Services, Inc. v. Straub*, 776 F.3d 783 (11th Cir. 2015) (finding ancillary jurisdiction where judgment creditor sought to disgorge fraudulently transferred asset from implead third-party). That is, there is a difference between proceeding under Florida Statutes § 56.29 and Chapter 726 to undo a fraudulent transfer of assets and, what seems to be the primary relief sought here, seeking a judgment of liability against the implead parties for existing federal judgments. *Compare National Maritime Services, Inc. v. Straub,* 776 F.3d 783 (11th Cir. 2015), and *Branch Banking and Trust Co. v. Hamilton Greens, LLC et al,* 2016 WL 3251165 (S.D. Fla. June 14, 2016), *and Reiseck v. Universal Communications of Miami, Inc.,* 141 F.Supp.3d 1295 (S.D. Fla. August 18, 2015), *with Peacock v. Thomas,* 516

U.S. 349 (1996), *and Jackson-Platts, v. General Electric Capital Corp.,* 727 F.3d 1127 (11th Cir. 2013).

While there is overlap in establishing a fraudulent transfer of assets and establishing an alter ego claim, whether the Court has subject matter jurisdiction to consider each claim has not been fully established. Nor, frankly, has personal jurisdiction—a separate inquiry, but also one with overlapping factors. On this issue of personal jurisdiction, the Court did not weigh whether BIS rebutted the allegations of alter ego because, as it noted, BIS focused on the lack of a tort in Florida under the long-arm statute. (Doc. 360 at 6). And now, BIS points to evidence that could be used to refute the alter ego claim—i.e., assets were not transferred from Beacon, BIS (unlike Beacon) did not hold itself out as a PEO, and the ownership structure of BIS (5%, 5%, 90%) is different than Beacon (50%, 50%).

Weaver's new effort to implead another corporation—Beacon Tri-State Staffing, Inc.—(with a similar name and Salvatore Manzo's involvement), will likely result in another series of motions about personal jurisdiction, perhaps subject matter jurisdiction, and ultimately motions to dismiss and for summary judgment. The Court endeavors to avoid inconsistent results and duplicative effort, and thus, will manage the case as to both implead parties at the same time.

The standard for impleading another third-party into the already open proceedings supplementary is not high. Consistent with the requirements of Fla. Stat. § 56.29(2), Weaver's counsel filed an affidavit identifying property not exempt from execution in the possession of Beacon Tri-State Staffing, Inc. (Doc. 397, Exhibit C). While BIS disputes the evidentiary basis for the claim against Beacon Tri-State Staffing, Inc. (Doc. 406), "[a] judgment debtor is not required to make a prima facie showing that the third party holds assets subject to a judgment prior to

impleading that party." *Bodywell Nutrition, LLC v. Fortress Systems, LLC* 846 F.Supp.2d 1317 at 1325 (S.D. Fla. 2012).

   III.   **Conclusion**

Accordingly, Weaver's motion to implead Beacon Tri-State Staffing, Inc. (Doc. 397) is **GRANTED.** As a complaint is required now statutorily for claims against Beacon Tri-State Staffing, Inc. brought under Chapter 726, and because no objection to adding BIS to the complaint was made at the hearing, Weaver shall file a supplemental complaint setting forth all claims against both BIS and Beacon Tri-State Staffing, Inc. within **fourteen (14) days** of this Order and serve the supplemental complaint as provided by the rules of civil procedure. *See* Fla. Stat. §56.29(9).

With respect to the other pending motions, BIS's motion for summary judgment (Doc. 394) and Weaver's motion for sanctions for spoliation of evidence (Doc. 380), they are **DENIED without prejudice** to renewal after the supplemental complaint has been filed since both motions turn on the claims being asserted.

As for discovery, Weaver's amended motion to compel a response to the subpoena (Doc. 405)[1] is due to be **GRANTED** in part. While Weaver seeks to compel production of Attorney Harden's entire file, the scope of documents relevant to the supplemental proceedings is much narrower and limited to documents relating to Beacon's assets, corporate structure, dissolution and any dealings with BIS or Beacon Tri-State Staffing, Inc. Accordingly, within **ten (10) days** of this Order, Attorney Harden shall either produce to Weaver all such documents, or if he continues to assert privilege as to any of those documents, he shall provide Weaver an amended privilege log specifically identifying each such document. The Court will defer ruling on Attorney Harden's motion to withdraw (Doc. 377) until he has complied with this Order.

---

[1] Weaver's initial motion to compel a response to the subpoena (Doc. 396) is terminated as moot.

**DONE** and **ORDERED** in Ocala, Florida on February 12, 2018.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties